UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80970-CIV-MARRA

CHE NASH,

Plaintiff,

vs.

PALM BEACH COUNTY SCHOOL DISTRICT
and PETER LICATA, in his individual capacity,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants Palm Beach County School District and Peter Licata's Motion to Dismiss Plaintiff's Amended Complaint (DE 23). The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Che Nash ("Plaintiff") brings this five-count Amended Complaint against Defendants Palm Beach County School District ("School District") and Peter Licata ("Licata"). According to the Amended Complaint, Plaintiff, an individual of African and Caucasian descent, was hired in 2003 as a science teacher by school principal Licata at the Boca Raton Middle School. (Am. Compl. ¶ 8.) Plaintiff was "excessed" from his position at the school and a white male teacher replaced Plaintiff. (Am. Compl. ¶ 9.) Plaintiff was then hired to teach physical education and coach basketball at Olympic Heights, a school to which Licata was later transferred in 2005. (Am. Compl. ¶¶ 11, 13.) While at that school, Licata made several racially charged remarks to Plaintiff and treated Plaintiff less favorably than white female and male

teachers. (Am. Compl. ¶¶ 15-18, 20-25.) On May 8, 2007, Licata informed Plaintiff that he would be "excessed" from the school. (Am. Compl. ¶ 26.) On May 10, 2007, Plaintiff left the school to file a charge of discrimination.[1] (Am. Compl. ¶ 27.) "Defendant"[2] was aware that Plaintiff had filed a charge of discrimination when Plaintiff was subsequently terminated. (Am. Compl. ¶ 28.)  Counts one and four of the Amended Complaint are brought pursuant to sections 1981 and 1983 of Title 42 of the United States Code against Defendants School Board and Licata. Counts two and three are brought pursuant to the Florida Civil Rights Act ("FCRA") for race and gender discrimination. Lastly, count five is brought pursuant to the FCRA for retaliation.[3]

Defendant Licata moves to dismiss the claim brought pursuant to section 1981 in count one and four and the FCRA claims brought in counts two and three. Significantly, Plaintiff does not oppose the dismissal of these claims. In addition, both Defendants move to dismiss count five. Defendants argue that no individual suit can be brought against Licata, that the Amended Complaint fails to make any allegations of retaliation and that Plaintiff has not exhausted administrative remedies with respect to the retaliation claim.

II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of

---

[1] The charge of discrimination is dated May 21, 2007. Plaintiff did not check the box "retaliation" on the charge form. (Charge, attached to Am. Compl.).

[2] The Amended Complaint does not identify which "Defendant" was aware that Plaintiff had filed a charge of discrimination.

[3] The Amended Complaint does not identify against which Defendant counts two, three and five are brought against.

the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  Legal Discussion

Given that Plaintiff does not challenge the arguments advanced by Defendant Licata with respect to counts one, two, three and four, the Court will turn its attention to the viability of count five of the Amended Complaint.  To begin, FCRA claims may only be brought against an employer, and not employees in their individual capacities. Huck v. Mega Nursing Svcs., Inc., 989 F. Supp. 1462, 1464 (S.D. Fla. 1997); see Wilbur v. Corr. Servs. Corp., 393 F.3d 1192, 1195

n. 1 (11th Cir. 2004) (because the FCRA is patterned after Title VII, courts generally apply Title VII case law to discrimination claims brought under the FCRA.); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir. 1995) (Title VII liability is against the employer, and not employees in their individual capacities).  Thus, to the extent Plaintiff seeks to bring a FCRA claim against Licata in count five, it is dismissed.

Next, the Court addresses Defendant School Board's contention that Plaintiff is required to exhaust his administrative remedies and that the Amended Complaint fails to contain facts that give rise to retaliatory acts.  According to the Amended Complaint, Plaintiff was told on May 8, 2007 that he would be "excessed."  Then, on May 10, 2007, he left school to file a charge of discrimination.  Despite being on notice of this charge of discrimination, Plaintiff was subsequently terminated.  Simply put, the Court is unable to determine whether Plaintiff has stated a retaliation claim because the Court is unfamiliar with the term "excessed."  Specifically, the Court does not know if "excessed" has the same meaning as "termination" or is some other form of adverse employment action.  This is significant because a claim for retaliation requires that Plaintiff plead that he has suffered an adverse employment action *after* he engaged in a protected activity.  See Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997) (discussing Title VII retaliation claims).  Hence, the Amended Complaint must be amended to explain whether termination is a more adverse than "excessed" and whether there is a difference between the terms "excessed" and termination.

Finally, the Court rejects Defendant School Board's argument that is necessary for Plaintiff to exhaust his administrative remedies with respect to the retaliation claim.  Plaintiff attached to the Amended Complaint the May 21, 2007 charge filed by Plaintiff.  The charge

states that Plaintiff was told on May 8, 2007 that he would not have a job for the next school term.  With respect to the various boxes that could be checked on the form, Plaintiff did not check the box for "retaliation."  This Circuit has held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge;" a district court "has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." Gupta v. East Texas State University, 654 F.2d 411, 414 (5th Cir. 1981);[4] see also Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989) (holding that a plaintiff's failure to receive a right-to-sue letter on a pending third EEOC charge alleging retaliation was not an obstacle to the suit.)  If a plaintiff was required to file a second charge to include retaliation, it would result in "a double filing that would serve no purpose." Gupta, 654 F.2d at 414.  "Eliminating this needless procedural barrier will deter employers from attempting to discourage employees exercising their rights." Id.  Accordingly, Plaintiff's claim for retaliation is not barred based on the failure to exhaust administrative remedies.

In sum, the Court hereby dismisses the section 1981 claims against Licata (counts one and four) and the FCRA claims against Licata (counts two, three and five).  With respect to count five, Plaintiff is granted leave to file a Second Amended Complaint consistent with the directives set forth in this Order.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Palm Beach

---

[4] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

County School District and Peter Licata's Motion to Dismiss Plaintiff's Amended Complaint (DE 23) is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff shall file a Second Amended Complaint within ten days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of August, 2009.

_____
KENNETH A.  MARRA
United States District Judge